

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

August 12, 1993

Honorable Tracey Bright
County Attorney
Ector County Courthouse
Room 201
Odessa, Texas 79761

Opinion No. DM-242

Re: Whether an independent school district may, without violating the competitive bidding statutes, "act as its own general contractor" in letting bids for renovation and remodeling projects (RQ-530)

Dear Ms. Bright:

On behalf of the Ector County Independent School District ("ECISD"), you have asked us to interpret the competitive bidding statutes that apply to independent school districts. You specifically cite section 21.901 of the Texas Education Code and chapter 271, subchapter B of the Local Government Code.

You state as follows:

> ECISD has several remodeling or renovation projects that need to be completed prior to the 1993-94 school year. The aggregate cost of each renovation or remodeling project will vary depending on the nature and extent of the required remodeling or renovation. In almost all instances, the total aggregate cost of each project will exceed $10,000.00. ECISD [has] numerous employees on its staff who [can] adequately and competently perform the majority of tasks required on each remodeling or renovation project. Therefore, ECISD desires to act as its own general contractor on several of these remodeling or renovation projects. ECISD would only submit for competitive bids those tasks [within] the project that require[] specialized training or expertise which would require the expenditures of more than $10,000.00 (e.g. plumbing, electrical, cabinetry, etc.).

You further state that ECISD does not believe that this procedure will violate sections 21.901 and 21.9011 of the Education Code nor sections 271.021 through 271.025 of the Local Government Code. Finally, you assure us that ECISD "does not desire to act as its own general contractor to avoid the competitive bidding statutes."

Section 21.901 of the Education Code states in pertinent part as follows:

(a) Except as provided in this section, all contracts proposed to be made by any Texas public school board for the purchase of any personal property shall be submitted to competitive bidding when said property is valued at $10,000 or more.

(b) Except as provided in Subsection (e) of this section,[1] all contracts proposed to be made by any Texas public school board for the construction, maintenance, repair or renovation of any building or for materials used in said construction, maintenance, repair, or renovation, shall be submitted to competitive bidding when said contracts are valued at $10,000 or more. [Footnote added.]

*See also* Attorney General Opinion DM-14 (1991) at 3. The remainder of section 21.901 also provides exceptions to the competitive bidding requirement and for notice of the bid opening. Section 21.9011(c), (e) of the Education Code provides that the intentional or knowing violation of section 21.901(a) or (b) constitutes a Class B misdemeanor and may result in immediate removal from office or employment.

The Local Government Code provisions about which you ask apply to governmental entities generally, which include a common or independent school district. *See* Local Gov't Code § 271.021(2)(C). Section 271.024 provides as follows:

If a governmental entity is required by statute to award a contract for the construction, repair, or renovation of a structure, . . . on the basis of competitive bids, and if the contract requires the expenditure of more than $10,000 from the funds of the entity, the bidding on the contract must be accomplished in the manner provided by this subchapter.

Other sections of chapter 271, subchapter B of the Local Government Code articulate requirements for advertising for bids. Local Gov't Code § 271.025; opening bids, *id.* § 271.026; and awarding the contract, *id.* § 271.027. Section 271.029 of the Local Government Code, like section 29.011 of the Education Code, prescribes penalties for violations of the competitive bidding requirements. *See generally* Cooper & Horton, *Competitive Bid Requirements for School District Contracts*, 34 TEX. B.J. 1154 (1983).

Both section 21.901 of the Education Code and section 271.024 of the Local Government Code articulate the procedure for competitive bidding to which an

---

[1]Section 21.901(e) excepts from the competitive bidding requirements the replacement or repair of a school building or school equipment when the building or equipment has been destroyed or severely damaged, and the school board determines that the competitive bidding process would prevent or substantially impair the conduct of classes or other essential school activities.

independent school district must adhere if the district proposes to award a contract for the construction, repair, or renovation of a structure that will require the expenditure of more than $10,000 of the district's funds. Thus, section 21.901 of the Education Code and section 271.024 of the Local Government Code merely require that, if an independent school district is to contract to have an outside entity perform the work, the independent school district must competitively bid the contract and award the contract to the lowest responsible bidder. *See* Local Gov't Code §§ 271.027(b), 271.0275; 64 AM. JUR. 2d *Public Works and Contracts* § 40, at 893 (1972). Neither section 21.901 of the Education Code nor section 271.024 of the Local Government Code apply, however, if the independent school district does not propose to award a contract but rather proposes to perform the work using its own employees. *See* Attorney General Opinion V-506 (1948) at 4; *Montana Chapter, Nat'l Elec. Contractors Ass'n v. State Bd. of Educ.*, 352 P.2d 258, 259-60 (Mont. 1960) (and cases cited therein); *Davis v. Carbon County*, 85 A.2d 862, 868 (Pa. 1952); *Home Bldg. & Conveyance Co. v. City of Roanoke*, 20 S.E. 895, 899 (Va. 1895); 64 AM. JUR. 2d, *supra*; *see also Gulf Bitulithic Co. v. Nueces County*, 11 S.W.2d 305, 309 (Tex. Comm'n App. 1928, judgm't adopted).

We conclude, therefore, that an independent school district may, without violating section 21.901 of the Education Code and section 271.024 of the Local Government Code, "act as its own general contractor" in letting bids for renovation and remodeling projects. Of course, the independent school district may be required to competitively bid contracts for materials or services used in the renovation and remodeling projects. *See* Educ. Code § 21.901(b);[2] *see also* TEXAS EDUCATION AGENCY, HANDBOOK ON COMPETITIVE BIDDING FOR TEXAS PUBLIC SCHOOLS 4.1, question 2 (1992).

---

[2]Additionally, under both section 21.9011(b) of the Education Code and section 271.029(a) of the Local Government Code, the intentional or knowing making or authorization of a separate, sequential, component purchase for the purpose of circumventing the applicable competitive bidding requirements is a Class B misdemeanor. Section 21.9011(a)(2) of the Education Code defines "separate purchases" as "purchases, made separately, of items that in normal purchasing practices would be purchased in one purchase." Section 21.9011(a)(3) of the Education Code defines "sequential purchases" as "purchases, made over a period, of items that in normal purchases would be purchased in one purchase." Section 21.9011(a)(1) of the Education Code defines "component purchases" as "purchases of the component parts of an item that in normal purchasing practices would be purchased in one purchase."

## S U M M A R Y

Neither section 21.901 of the Education Code nor section 271.024 of the Local Government Code, which apply to competitive bidding situations, apply to an independent school district that desires to perform certain work using its own employees. Accordingly, an independent school district may, without violating section 21.901 of the Education Code and section 271.024 of the Local Government Code, "act as its own general contractor" in letting bids for renovation and remodeling projects.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General